UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

CHARLES EDWARD WERNERT, II,

    Plaintiff,

v.                                        Case No. 3:09cv00031

RYANT L. WASHINGTON, Sheriff, *et al.*,

    Defendants.

## ANSWER

The defendants, Ryant L. Washington ("Sheriff Washington") and Joshua Green ("Deputy Green") say the following as their answer to the complaint in this case. In response to the numbered paragraphs of the complaint, they say the following:

1. Paragraph 1 of the complaint contains only legal conclusions requiring no response; to the extent the paragraph contains factual allegations, they are denied.

2. Paragraph 2 of the complaint contains only legal conclusions requiring no response; to the extent the paragraph contains factual allegations, they are denied.

3. Paragraph 3 of the complaint contains only legal conclusions requiring no response; to the extent the paragraph contains factual allegations, they are denied.

4. The defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint, and therefore deny them.

5. The defendants admit the allegations in paragraph 5 of the complaint.

6. The defendants admit the allegations in paragraph 6 of the complaint.

7. The defendants admit the allegations in paragraph 7 of the complaint, except that they believe that the events in question occurred on May 5, 2008.

8. The defendants admit the allegations in paragraph 8 of the complaint, except that they state that Deputy Green was in the process of removing the plaintiff's handcuffs at the time of the incidents in this case.

9. The defendants deny the allegations in paragraph 9 of the complaint. Deputy Green instructed the plaintiff to remove his belt and shoes, and began to remove his handcuffs to facilitate the removal. Deputy Green did not tell the plaintiff to "kick" off his shoes.

10. The defendants deny the allegations in paragraph 10 of the complaint.

11. With regard to the allegations in paragraph 11 of the complaint, the defendants admit the plaintiff kicked his shoe at an auxiliary officer standing in the holding cell, but deny that the action by the plaintiff was unintentional or that the contact was light.

12. The defendants deny the allegations in paragraph 12 of the complaint.

13. The defendants deny the allegations in paragraph 13 of the complaint.

14. The defendants admit the allegations in paragraph 14 of the complaint.

15. The defendants deny the allegations in paragraph 15 of the complaint; the case was nolle prossed because of the difficulty to transporting the plaintiff back and forth to Pennsylvania, where he was held.

16. As their response to the allegations in paragraph 16 of the complaint, the defendants incorporate by reference their responses to paragraphs 1 through 15.

17. The defendants deny the allegations in paragraph 17 of the complaint.

18. The defendants deny the allegations in paragraph 18 of the complaint..

19. As their response to the allegations in paragraph 19 of the complaint, the defendants incorporate by reference their responses to paragraphs 1 through 15.

20. The defendants deny the allegations in paragraph 20 of the complaint.

21. The defendants deny the allegations in paragraph 21of the complaint.

22. Paragraph 22 of the complaint contains only legal conclusions requiring no response; to the extent the paragraph contains factual allegations, they are denied.

23. As their response to the allegations in paragraph 23 of the complaint, the defendants incorporate by reference their responses to paragraphs 1 through 15.

24. The defendants deny the allegations in paragraph 24 of the complaint.

25. Paragraph 25 of the complaint contains only legal conclusions requiring no response; to the extent the paragraph contains factual allegations, they are denied.

26. The defendants deny that they harmed the plaintiff in any way.

27. The defendants deny that they are indebted to the plaintiff in any amount, for any reason.

28. The defendants deny that the plaintiff is injured to the extent alleged in the complaint.

29. The defendants deny any allegations no expressly admitted above.

## **Defenses**

30. Sheriff Washington is protected by Eleventh Amendment immunity.

31. The defendants are protected by qualified immunity.

32. The defendants are protected by sovereign immunity.

33. Deputy Green acted in good faith at all times and is immune from the state law counts.

34. The plaintiff has failed to comply with the Prison Litigation Reform Act.

35. The plaintiff's own wrongful acts brought about any injuries suffered by him.

36. Deputy Green acted reasonably at all times.

WHEREFORE, the defendants move the Court to dismiss this case.

Ryant L. Washington, *et al.*

By _____
           Counsel

John A. Gibney, Jr. VSB No. 15474
ThompsonMcMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
(804)698-6214
Fax (804)780-1813
jgibney@t-mlaw.com

### Certificate of Service

     I certify that on September 1, 2009, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following: Stephen D. Rosenfield, Esquire, 913 East Jefferson Street, Charlottesville, Virginia 22902, to Jeffrey E. Fogel, Esquire, 913 East Jefferson Street, Charlottesville, Virginia 22902, and to Graven W. Craig, Esquire, 202 West main Street, Louisa, Virginia 23903.

           _____/s/_____
           John A. Gibney, Jr. VSB No. 15474
           ThompsonMcMullan, P.C.
           100 Shockoe Slip
           Richmond, Virginia 23219
           (804)698-6214
           Fax (804)780-1813
           jgibney@t-mlaw.com